IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MOSES I. LEWIS, JR.                                                                    PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:16V55-SA-SAA

LASHUNDA HARRISON, ALICE
STAPLETON, BLONDIE ADAMS
And DELTA PARTNER'S MANOR                                              DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order. For reasons stated below, the motion is denied.

Plaintiff claims Defendant Harrison illegally trespassed onto his property, stole $9,000, and transported the stolen money across the Mississippi-Tennessee state line. Plaintiff claims that the transporting of stolen money violates 18 U.S.C. § 2314 (2012). Plaintiff claims that on or before December 27, 2015 Harrison met with Defendant Stapleton and Defendant Adams at Harrison's home in Cordova, Tennessee. Plaintiff claims at this meeting Harrison was given the key to Plaintiffs apartment by Stapleton, who is the site manager for Plaintiff's apartment. Plaintiff claims that this meeting violates 18 U.S.C. § 241. Furthermore, Plaintiff claims that Defendant Delta Partner's Manor, Plaintiff's apartment complex, was negligent in their management and supervision of Stapleton. Finally, Plaintiff claims the entire transaction violates his constitutional and civil rights under U.S.C. § 1985(3) (2012).

According to Plaintiff's Motion for Temporary Restraining Order, on April 22, 2016 Stapleton entered Plaintiffs apartment after receiving two complaints about the cleanliness of the apartment. Furthermore, Plaintiff claims that on April 25, 2016 he received a Notice of Lease

Violation(s). According to attachment four by Plaintiff, the lease violation for cleanliness is a minor lease violation and three minor violations lead to termination of the lease. Plaintiff now asks that the Court to enter a temporary restraining order forbidding Stapleton from entering Plaintiff's apartment and that Plaintiff not be evicted.

To prevail on a motion for a temporary restraining order, a plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. Speaks v. Kruse, 445 F.3d 396, 399-400 (5th Cir. 2006). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. Mississippi Power and Light Co. v. United Gas Pipeline, 760 F.2d 618, 621 (5th Cir.1985). A temporary restraining order or preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. Canal Authority of State of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).

Here, the Plaintiff does not carry the burden of persuasion for elements (1) and (2). First, Plaintiff failed to prove that he had a substantial likelihood of success on the merits. Statutes 18 U.S.C. § 241 and 18 U.S.C. § 2314 are both criminal statutes. Under Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973), a private citizen lacks a judicially cognizable interest in the criminal prosecution or nonprosecution of another. Therefore, the Plaintiff is barred from bringing these claims, and cannot succeed on the merits. Furthermore, Plaintiff's only other cited statute is 42 U.S.C § 1985(3). Section 1985(3) was designed to prevent deprivation of equal protection of the laws and equal privileges and immunities, not to serve as a general federal tort law. Jackson v

Cox, 540 F.2d 209, 210 (5th Cir. 1976). Thus, a plaintiff must prove a invidiously discriminatory motivation on the part of the defendant. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Here, Plaintiff presented no evidence that any racial or other class based invidious discrimination was present. Therefore, Plaintiff's claim is not likely to succeed on the merits.

Second, Plaintiff failed to establish that a substantial threat of irreparable injury would result if the temporary restraining order was not issued. In order to show that a substantial threat of irreparable injury exists, the potential harm to the plaintiff must be imminent. Chacon v. Granatau, 515 F.2d 922, 925 (5th Cir. 1975). Here, Plaintiff received a notice of one minor violation of his lease. According to the document produced by Plaintiff, three minor violations are required for termination of the lease. Therefore, there is no immediate threat of the Plaintiff losing his apartment and there is no threat of imminent harm.

Therefore, because Plaintiff failed to show a substantial likelihood of success on the merits and failed to show a substantial threat of irreparable harm, the Plaintiff's Motion for Temporary Restraining Order is denied.

SO ORDERED, this the 8th day of August, 2016.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**