IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MOSES I. LEWIS, JR.                                                                         PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:16CV55-SA-RP

LASHUNDA HARRISON, ALICE STAPLETON,
BLONDIE ADAMS, &
DELTA PARTNER'S MANOR                                            DEFENDANTS

MEMORANDUM OPINION

Plaintiff Lewis brings this action pro se, claiming that LaShunda Harrison conspired with Alice Stapleton and Blondie Adams in an effort to illegally trespass onto Lewis's property and steal $9,000. Presently before the Court is Defendant Harrison's Motion to Dismiss [16] and Plaintiff's Motion to Deny Defendant's Motion to Dismiss [19]. The Court has construed Plaintiff's Motion to Deny as a Response to Motion to Dismiss in accordance with Local Uniform Civil Rule 7(b)(3).[1] The court has considered all arguments and finds as follows.

*Factual and Procedural Background*

Lewis claims that on or before December 27, 2015, LaShunda Harrison met with Alice Stapleton and Blondie Adams at Harrison's home in Cordova, Tennessee. There, they allegedly conspired to steal from Lewis. At the meeting, Stapleton, who is the site manager for Lewis's apartment, allegedly gave Harrison the key to Lewis's apartment. Lewis claims that Harrison then used the key to enter Lewis's apartment to steal a purse containing $9,000. Plaintiff claims Defendant Harrison transported the stolen money across the Mississippi-Tennessee state line and then returned to Cordova.

Plaintiff claims that the meeting violated 18 United States Code, Section 241, and the transporting of stolen money violated 18 United States Code, Section 2314. Furthermore,

---

[1] Plaintiff has also filed two separate Motions to Expedite the Court's Ruling on the Defendant's Motion to Dismiss [23] and [24]. The Court finds these Motions now moot, and they shall be DENIED.

Plaintiff claims that Delta Partner's Manor, Plaintiff's apartment complex, was negligent in their management and supervision of Stapleton. Finally, Plaintiff claims the entire transaction violates his constitutional and civil rights under United States Code, Section 1985(3).

Defendant Harrison filed a Motion to Dismiss, alleging that the district court lacks subject matter jurisdiction, arguing that Plaintiff is legally barred from pursuing federal criminal statutes. Furthermore, Defendant Harrison alleges that Plaintiff does not state a claim for which relief may be granted because he did not plead the required elements of his federal claim under 42 U.S.C. 1985(3).

*Rule 12(b)(6) Standard*

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F. 3d 924, 926 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 192, 184 L. Ed. 2d 38 (2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F. 3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

*Analysis and Discussion*

Federal courts have original subject matter jurisdiction only where a question of federal law is involved or where there is diversity of citizenship between parties and the amount in controversy exceeds $75,000. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The diversity statute requires "complete diversity" of citizenship, i.e., a district court cannot exercise jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants. 28 U.S.C. § 1332; *see also Whalen v. Carter,* 954 F. 2d 1087, 1094 (5th Cir. 1992). The burden of establishing federal jurisdiction rests on the plaintiff. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

According to the Complaint, Plaintiff is a resident of Shelby, Mississippi, and Defendants Stapleton, Adams, and Delta Partner's Manner are also residents of Shelby, Mississippi. Having found that this action involves non-diverse parties, the Court notes that there is not complete diversity.

Plaintiff's first federal claim seeks recovery under 18 U.S.C. § 241. This criminal statute provides penalties for either preventing or entering into a conspiracy to prevent other persons from exercising certain federally protected rights. However, 18 U.S.C. § 241 does not provide a basis for civil liability. *See Hanna v. Home Ins. Co.,* 281 F. 2d 298, 303 (5th Cir. 1960); *Ali v. Shabazz,* 8 F.3d 22 (5th Cir. 1993). Plaintiff's second claim seeks recovery under 18 U.S.C. § 2314, which is a criminal statute relating to "transportation of stolen goods," *inter alia*. This criminal statute does not provide a private federal right of action for civil liability, either. *See Crawford v. Adair,* No. 3:08CV281, 2008 WL 2952488, at *2 (E.D. Va. July 29, 2008) (no private federal cause of action under § 2314); *Piorkowski v. Parziale,* No. 3:02CV00963, 2003

WL 21037353, at *8 (D. Conn. May 7, 2003) (criminal statute does not provide, explicitly or implicitly, a civil cause of action); *Cooper v. N. Jersey Trust Co. of Ridgewood, N. J.*, 250 F. Supp. 237 (S.D.N.Y. 1965) (18 U.S.C. Section 2314 does not give rise to a private federal right of action). Further, decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Plaintiff has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute. *See Gill v. State of Texas*, 153 F. App'x 261, 262–63 (5th Cir. 2005) (*citing Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)). Without standing, Plaintiff fails to establish a vital jurisdictional requirement regarding these claims. *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 546–547, 106 S. Ct. 1326, 1333–1334, 89 L. Ed. 2d 501 (1986). Thus, the deficiencies within the complaint regarding these criminal claims are incurable, and Plaintiff's claims under these statutes must be dismissed with prejudice.

Even if Plaintiff did not establish subject matter jurisdiction regarding the first two claims, Plaintiff poses a third federal claim under 42 U.S.C., Section 1985(3). Though *Griffin v. Breckenridge* made Section 1985(3) applicable to private actions, the Supreme Court made it clear that Congress did not intend that it be viewed as an all-embracing federal tort law intended to apply to all tortious conspiratorial interferences with the rights of others. *Griffin v. Breckenridge*, 403 U.S. 88, 102-103, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971). Therefore, Defendant Harrison has alleged that Plaintiff failed to state a claim for which relief can be granted regarding this claim. Thus, Defendant asks the court for a dismissal under Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendant Harrison argues that the Plaintiff failed to allege that the conspiracy was class-based or motivated by race. Indeed, the elements necessary to properly allege a Section 1985(3) complaint are that Defendants did:

> 1) conspire or go in disguise on the highway or on the premises of another;
> (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;
> (3) did, or caused to be done, "any act in furtherance of the object of (the) conspiracy, whereby another was
> (4) "injured in his person or property" or "deprived of having and exercising any right or privilege of a citizen of the United States."

42 U.S.C. § 1985(3); *See also Griffin,* 403 U.S. at 102, 91 S. Ct. 1790.

The complaint alleges that Defendants conspired to go on the premises of another for the purpose of depriving Plaintiff of his $9,000. However, Plaintiff failed to allege how this violation specifically deprived Plaintiff of equal protection of the laws. "Intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Griffin*, 403 U.S. at 102, 91 S. Ct. 1790; *see also Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994) (holding that the plaintiff must show that a conspiracy was motivated by a "class based animus"). Thus, Plaintiff must allege an invidiously discriminatory motivation on the part of the Defendants in order to survive 12(b)(6) analysis.

The court notes that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). "A pro se complaint is to be construed liberally with all well-pleaded allegations taken as true." *Johnson v. Atkins*, 999 F. 2d 99, 100 (5th Cir. 1993). However, a liberally construed pro se complaint must still present enough facts giving rise to a claim on which relief may be granted. *Id.*; *see also Levitt v. Univ. of Texas at El Paso*, 847 F. 2d 221, 225 (5th Cir. 1988).

Although Plaintiff failed to allege any specific discriminatory motive as required, such failure "should not automatically or inflexibi[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F. 3d 239, 247 n.6 (5th Cir. 2000). Indeed, "[a]lthough a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*; *Roberson v. McDonald Transit Ass., Inc.*, No. 3:14CV168-NBB-JMV, 2016 WL 2991142, at *3 (N.D. Miss. Apr. 20, 2016), report and recommendation adopted, No. 314CV168-NBB-JMV, 2016 WL 2994083 (N.D. Miss. May 23, 2016).

Accordingly, Plaintiff will be given an opportunity to seek leave to amend the Section 1985(3) claim. If he properly asserts this federal claim, the Court may consider entertaining his state law negligence claim as well.

*Conclusion*

For the reasons stated, Defendant's Motion to Dismiss is GRANTED. Plaintiff's claims under 18 U.S.C. § 241 and 18 U.S.C. § 2314 are dismissed with prejudice. Plaintiff's negligence claims and claims regarding Section 1985(3) are dismissed without prejudice, and Plaintiff is granted leave to amend his complaint within twenty-one days. Failure to file an Amended Complaint within 21 days may result in dismissal of this case.

SO ORDERED this 10th day of January, 2017.

    /s/ Sharion Aycock                 
    UNITED STATES DISTRICT JUDGE